```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                             :
RU ZHANG XU,                                                 :
                                                             :
                            Plaintiff,                       :   **MEMORANDUM DECISION**
            - against -                                      :   **AND ORDER**
                                                             :
UNITED STATES CITIZENSHIP AND                                :   19-cv-608 (BMC)
IMMIGRATION SERVICES, KIRSTJEN                               :
NIELSEN, and L. FRANCIS CISSNA,                              :
                                                             :
                            Defendants.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff brings this action to challenge decisions issued by defendant United States Citizenship and Immigration Services (the "USCIS"). For the reasons stated below, this case is dismissed for lack of jurisdiction.

## BACKGROUND

According to the complaint, plaintiff entered the United States with a fraudulently obtained visa but later applied for an adjustment of his status and for a waiver of his ground for inadmissibility. At an interview with a USCIS officer, plaintiff presented his passport with evidence of entry into the United States. However, the USCIS later claimed that plaintiff failed to present his passport with evidence of entry, and denied plaintiff's petitions for adjustment of his status and a waiver of his ground for inadmissibility.

Plaintiff seeks a declaratory judgment that the USCIS's denial of his petitions was unlawful and to compel defendants to grant his petitions. The Court issued an order to show cause why it should not dismiss this action for lack of jurisdiction. In response, plaintiff filed a letter asserting that the Court has jurisdiction.

**DISCUSSION**

Federal district courts may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allanattah Servs., Inc., 545 U.S. 546, 552 (2005). A court may raise the absence of subject matter jurisdiction *sua sponte*. Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Aliens who fraudulently obtain admission to the US are "inadmissible aliens" under 8 U.S.C. § 1182. Although an inadmissible alien may seek a waiver of the determination that the alien is inadmissible, courts "lack jurisdiction to review the discretionary and factual determinations underlying the denial of a waiver of inadmissibility" unless the plaintiff "raises a constitutional claim or a question of law." Camara v. Dep't of Homeland Sec., 497 F.3d 121, 123-24 (2d Cir. 2007). Plaintiffs may raise such a constitutional claim or a question of law before the Court of Appeals, not before a district court. See Shabaj v. Holder, 718 F.3d 48, 51 (2d Cir. 2013) (citing 8 U.S.C. § 1252(a)(2)(D)).

Here, plaintiff claims that the USCIS violated the law when determining that plaintiff was ineligible for discretionary relief. The Second Circuit has explained that "[w]hether an alien is statutorily eligible for discretionary relief … is a question of law that we have jurisdiction to review." Cruz v. Holder, 570 F. App'x 19, 20 (2d Cir. 2014). This Court, however, does not have jurisdiction over plaintiff's claims. See Shabaj, 718 F.3d at 51.

Plaintiff attempts to distinguish this case from Shabaj because Shabaj was interpreting 8 U.S.C. § 1252(a)(2)(D). According to plaintiff, this subsection applies only to removal

proceedings because the title of that chapter refers to removal proceedings. However, the title of a statute "is of use only when it sheds light on some ambiguous word or phrase" and "cannot limit the plain meaning of the text." Pennsylvania Dep't. of Corrections v. Yeskey, 524 U.S. 206, 212 (1998) (internal quotation marks and alterations omitted).

The plain language of the statute precludes plaintiff's interpretation of 8 U.S.C. § 1252(a)(2)(D) as only applying to removal proceedings. Under 8 U.S.C. § 1252(a)(2)(B), "regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review" the denial of the relief plaintiff is seeking. In 8 U.S.C. § 1252(a)(2)(D), the statute clarifies that "an appropriate court of appeals" may review "constitutional claims or questions of law" involved in the decisions addressed in 8 U.S.C. § 1252(a)(2)(B), which applies regardless of whether the decision at issue is made in removal proceedings.

## **CONCLUSION**

This case is dismissed for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
April 3, 2019